TRACY THOMPSON, State Bar No. 88173
MICHAEL D. THOMAS, State Bar No. 226129
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
NIKE, INC.

WILLIAM R. HOPKINS, State Bar No. 170122
WELLS & HOPKINS, ATTORNEYS AT LAW
5032 Woodminster Lane
Oakland, California 94602
Tel: 510-530-4071
Fax: 510-530-4082

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI CHARLES,<br><br>                    Plaintiff,<br><br>       vs.<br><br>NIKE, INC., and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 05-00044 EDL<br><br>**STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER REGARDING<br>CONFIDENTIALITY** |

  IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned matter, and by and between their undersigned counsel, that:

  "Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Order.

  "Action" or "this action" shall refer to the above-captioned action and to no other action.

  1.     Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document, information or material that is either (i) produced during discovery proceedings in this action, (ii) included in an order of this Court, or (iii) generated by a party in this action, including but not limited to, answers to

1-SF/7229135.1

1  interrogatories and responses to any request for the production of documents and which constitute
2  proprietary or sensitive business, personal or personnel information or any extracts or summaries
3  thereof.
4     2.    Acceptance by any party of discovery material designated as "Confidential
5  Material" shall not constitute a concession that any such discovery material is appropriately so
6  designated.
7     3.    (a)   All documents, information and other discovery materials shall be treated
8  as Confidential Material subject to this Confidentiality Agreement and Order without the need for
9  any designation until the end of the seventh day after the date on which it is/they are produced.
10          (b)   Documents and other discovery materials may be designated as
11  Confidential Material (i) by affixing a legend to every page of the document at the time of
12  production, (ii) by agreement in writing between the producing and receiving parties at any time,
13  (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph
14  4 below, or (iv) with respect to motion papers, in accordance with the procedures set forth in
15  Paragraph 5 below.  If the designation in question is disputed by the receiving party, then the
16  receiving party shall so notify the designating party in writing.  The documents or discovery
17  materials in dispute shall remain Confidential Material subject to the terms of this Order.  If the
18  parties are unable to resolve their dispute, then either party may move the Court for an order
19  approving or removing the confidential designation, and the non-moving party may oppose such
20  motion.  The designated material shall be deemed Confidential Material until the issue is resolved
21  by the Court.
22     4.    Any person giving deposition testimony in this action may, directly or through
23  counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not
24  previously designated as Confidential Material, as Confidential Material by advising the court
25  reporter and all parties of such fact on the record during the deposition, or in writing at any time
26  up to and including the seventh day after the date of receipt of the deposition transcript.
27  Deposition testimony shall automatically be deemed to be Confidential Material subject to the
28  terms of this Order until the end of the seventh day after the date of receipt of the deposition

transcript. In addition, any party may designate as Confidential Material, in accordance with the provisions of Paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action. All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked "Confidential Material" on the cover thereof. If this designation is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The deposition testimony in dispute shall remain Confidential Material subject to the terms of this Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

5.  Motion papers or other Court filings that disclose Confidential Material shall automatically be deemed such subject to the terms of the Order and may be filed under seal where Confidential Material is unavoidably used in the body of the motion. If the Confidential Material is contained in exhibits, then the exhibits shall be filed under seal. If the receiving party disputes a confidential designation of motion papers or exhibits, then the receiving party must notify the designating party of that dispute in writing. If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion. In the interim, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

6.  All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon consent of the designating party or order of this Court, unless the Confidential Material was obtained lawfully and independently of the designating party.

7.  Confidential Material shall be held in confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    (a)    the Court in this action;

    (b)    counsel for any party retained in or working on the prosecution, defense, or

settlement of this action including co-counsel and counsel employed directly by any party;

        (c)    employees of counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this action;

        (d)    individual parties, including any director, officer or employee of any party to this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action; and

        (e)    witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action and only if the witnesses and consultants sign the Confidentiality Agreement.

        8.    Any disputes between counsel regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues centering on Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance, it being understood that it is the designating party's burden to sustain its position that Confidential Material should not be shown or disclosed. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

        9.    Prior to the disclosure of any Confidential Material to any individual entitled to review such information pursuant to the provisions of the preceding paragraph 7(e), such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read the Agreement, he or she shall be required to sign a copy of the attached agreement acknowledging that he or she shall abide by the terms of this Agreement and Order. The parties agree to obtain and retain a signed copy of the attached agreement from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

        10.    The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information

1 | relating thereto on the same or related subject matter.

2 |   11. A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential Material pursuant to this Protective Order.

  12. Upon final termination of this action, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request unless otherwise ordered by the Court. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Confidentiality Agreement and Protective Order. Moreover, any such Confidential Material shall not be used by Counsel in any way in any other matter, including in any other case, action or proceeding.

  13. The provisions of this Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Agreement and Order or any provision hereof.

  14. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

15. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or to apply to the Court for an order compelling production of documents; or for the modification or the relaxation of this Order.

Dated: May 11, 2005

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Tracy Thompson
Attorneys for Defendant
NIKE, INC.

Dated: May 6, 2005

WELLS & HOPKINS, ATTORNEYS AT LAW

By: _____
William R. Hopkins
Attorneys for Plaintiff
TRACI CHARLES

## ORDER

Based upon the Stipulation of the parties, it is ordered that a protective order in accordance with the above Stipulation is hereby ENTERED.

Dated: May 17, 2005

_____
Hon. Elizabeth D. Laporte
United States Magistrate Judge

IT IS SO ORDERED
Judge Elizabeth D. Laporte

1-SF/7229135.1

6

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1  TRACY THOMPSON, State Bar No. 88173
   MICHAEL D. THOMAS, State Bar No. 226129
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, CA  94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001

5  Attorneys for Defendant
   NIKE, INC.
6
   WILLIAM R. HOPKINS, State Bar No. 170122
7  WELLS & HOPKINS, ATTORNEYS AT LAW
   5032 Woodminster Lane
8  Oakland, California  94602
   Tel: 510-530-4071
9  Tel: 510-530-4082

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TRACI CHARLES, | Case No. 05-00044 EDL |
|---|---|
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| vs. | |
| NIKE, INC., and DOES 1-10, inclusive, | |
| Defendants. | |

I have been provided with a copy of the annexed Confidentiality Agreement and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed:_____

Name:_____

Title:_____

1-SF/7229135.1                                      1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY