IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI CHARLES,<br><br>        Plaintiff,<br><br>  v.<br><br>NIKE, INC.,<br><br>        Defendant.<br>_____/ | No. C-05-00044 EDL<br><br>**ORDER DENYING DEFENDANT NIKE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |

## I.   INTRODUCTION

After this Court granted Defendant Nike, Inc.'s motion for summary judgment, Nike sought to tax a number of costs to Plaintiff Traci Charles. In particular, Nike sought to tax $14,998.32 in fees incurred to retain two expert witnesses and to depose Charles' expert witness. The Clerk of the Court declined to tax the expert witness fees on the ground that these fees fell outside the ambit of Local Rule 54-3. Nike now moves the Court to review the Clerk's taxation of costs. For the reasons set forth below, the Court denies Nike's motion.

## II.   DISCUSSION

Nike recognizes that it is not entitled to taxation of expert witness fees under federal law. Instead, because Charles sued under the California Fair Employment and Housing Act ("FEHA"), Nike seeks to tax expert witness fees that it incurred as costs under FEHA. See Cal. Gov't Code § 12900, *et seq*. FEHA provides for the discretionary shifting of expert witness fees to the prevailing party: "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees. . . ." Id. § 12965(b) ("Section 12965(b)"). In 1999, the California legislature amended Section 12965(b) to add

1  "expert witness fees" to the list of items that a prevailing party may recover. See Assemb. B. 1670
2  (Cal. 1999) ("In any civil action brought under [FEHA] the court, with certain exceptions, is
3  authorized to award prevailing party reasonable attorney's fees and costs.  This bill would
4  additionally authorize the court to award the prevailing party his or her expert witness fees.").  This
5  amendment became effective on January 1, 2000, almost two years after the California Supreme
6  Court decided in Davis v. KGO-T.V., Inc., 17 Cal. 4th 436, 442-43 (1998), that FEHA did not allow
7  prevailing parties to recover any expert witness fees other than those of court-ordered experts
8  because, unlike a number of other statutes, FEHA did not explicitly provide for recovery of expert
9  witness fees.  Thus, FEHA now explicitly allows courts in their discretion to award expert witness
10 fees to a prevailing party, including a prevailing defendant.

11         As a threshold matter, it is not clear whether a federal court has discretion to tax expert
12 witness fees as costs to a prevailing defendant in a FEHA case.  Often, "reimbursement of expert
13 witnesses fees is an issue of trial procedure" governed by federal law, rather than an issue of
14 substantive state law.  Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167 (9th Cir. 1995) (holding that
15 district court sitting in diversity erroneously taxed expert witness fees as costs based on offer of
16 judgment pursuant to California Code of Civil Procedure section 998(c), which allows prevailing
17 party to recover expert witness fees in full, rather than Federal Rule of Civil Procedure 68, which
18 strictly limits expert fees).  A federal court sitting in diversity may only award expert witness fees to
19 a prevailing party where such fees are authorized by substantive state law as opposed to procedural
20 state law.  See Clausen v. M/V New Carissa, 339 F.3d 1049, 1064 (9th Cir. 2003).  In Clausen,
21 oyster farmers sued the owners of a ship whose spilled oil destroyed their oyster beds under both the
22 Federal Oil Pollution Act and the Oregon Oil Spill Act ("Oil Spill Act").  Or. Rev. Stat.
23 § 468B.310(1).  The Oil Spill Act imposed strict liability for damages, which it defined very broadly
24 to include all costs and fees: "damages, costs, losses, penalties or attorney fees of any kind for which
25 liability may exist under the laws of this state resulting from, arising out of or related to the
26 discharge or threatened discharge of oil."  Id. § 468B.300(6).  The district court granted the
27 prevailing plaintiffs their attorney's fees and costs, including expert witness fees.  On appeal, the
28 defendants argued that the recovery of expert witness fees should have been governed by federal

2

procedural law, and thus limited to the $40 *per diem* contemplated by 28 U.S.C. section 1821(b).

The Ninth Circuit addressed "whether the right to damages which accrues to prevailing plaintiffs under the Oil Spill Act is substantive in nature. If it is, then it cannot be trumped by § 1821(c), for it is long since settled that 'federal courts sitting in diversity apply state substantive law and federal procedural law.'" 339 F.3d at 1065 (quoting Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003)). Because "the question of the proper measure of damages [was] inseparably connected to the right of action" under the Oregon law at issue, the damages section of the Oil Spill Act provided a substantive right to expert fees. Clausen, 339 F.3d at 1065 (quoting Chesapeake & Ohio Ry. Co. v. Kelly, 241 U.S. 485, 491 (1916)).

Nike relies on Bouman v. Block, 940 F.2d 1211 (9th Cir. 1991), which affirmed the award of expert witness fees as attorney's fees or costs to a prevailing defendant in a FEHA case. Bouman, however, preceded Clausen, and the parties in Bouman did not raise, and the court did not address, whether FEHA's cost-shifting provision was substantive or procedural. In contrast to the Oil Spill Act at issue in Clausen, FEHA does not contain any provision defining damages. See Commodore Home Sys., Inc. v. Superior Court, 32 Cal. 3d 211, 215 (1982) ("Except by providing for attorney fees and costs, [Section 12965(b)] does not address the subject of judicial remedies. Moreover, neither the 1977 amendment nor the 1980 re-codification altered the only FEHA language that deals with remedies for employment discrimination, and that language concerns only the remedial powers of the commission"). In the absence of any contrary legislative intent, the California Supreme Court construed FEHA, like other statutes recognizing causes of action for violation of a right, to authorize "all forms of relief granted to civil litigants generally, including appropriate punitive damages . . . ." Id. As noted above, FEHA does contain a separate provision for shifting expert fees as well as other costs and attorney's fees. See Cal. Gov't Code § 12965(b). Whether this provision is substantive or procedural is an unsettled question, although it would appear to fall more on the procedural side of the divide than the provision in the Oil Spill Act considered by Clausen.

The Court need not decide this issue, however, because shifting expert witness fees under FEHA is discretionary. The Court declines to exercise its discretion, if any, to shift expert fees in this case. Charles' case was not frivolous, and taxing almost $15,000 in expert witness fees against

3

her would be inequitable and, more generally, might have a chilling effect on persons seeking to vindicate their rights under FEHA.  See <u>Knight v. Hayward Unified Sch. Dist.</u>, 132 Cal. App. 4th 121, 135-36 (2005) (courts have discretion not to assess costs against non-prevailing plaintiff to avoid undue burden).

### III.   CONCLUSION

For the reasons set forth above, the Court denies Nike's motion to review taxation of costs.

**IT IS SO ORDERED.**

Dated: April 17, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

4